[Cite as *State v. Clark*, 2017-Ohio-178.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103324**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MOSES CLARK

DEFENDANT-APPELLANT

---

## JUDGMENT:
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-15-592368-A
Application for Reopening
Motion No. 500207

**RELEASE DATE:** January 18, 2017

**FOR APPELLANT**

Moses Clark, pro se
Inmate No. A671-842
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio   43724


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Maxwell Martin
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Moses Clark has filed an application for reopening pursuant to App.R. 26(B). Clark is attempting to reopen the appellate judgment rendered in *State v. Clark*, 8th Dist. Cuyahoga No. 103324, 2016-Ohio-4561, that affirmed his conviction and sentence for three counts of rape and three counts of kidnapping. We decline to reopen Clark's appeal.

**{¶2}** In order to establish a claim of ineffective assistance of appellate counsel, Clark is required to establish that the performance of his appellate counsel was deficient and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

**{¶3}** In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

{¶4} Clark raises one proposed assignment of error in support of his application for reopening. Clark's sole proposed assignment of error is that:

> The appellant was denied effective assistance of appellate counsel on his first appeal as of right when he failed to properly raise his constitutional right to the confrontation clause.

{¶5} Clark, through his assignment of error, argues that his right to confront the victim was violated because she was deceased at the time of trial. Specifically, Clark argues that the trial court erred by admitting into evidence the statements made by the deceased victim to a police officer and further erred by allowing the narrative from the victim's medical records into evidence.

{¶6} The issues raised through Clark's sole proposed assignment of error, the admission into evidence of the deceased victim's statements and the deceased victim's medical records, were previously addressed upon direct appeal to this court and found to be without merit. With regard to the issue that the trial court erred in admitting into evidence the statements of the deceased victim, this court in *State v. Clark, supra*, held that:

> In the second assignment of error, Clark argues that the trial court erred in admitting statements that [the victim] made to Officer Gray. During trial, Officer Gray testified that he was one of the police officers who first arrived on scene to Ann Washington's house, responding to a call that a female had just been raped. When he arrived, he found [the victim] slumped over in a chair, upset and crying. At this point in Officer Gray's testimony, defense counsel objected, but the trial court overruled the objection. Officer Gray testified that [the victim] told him that she was riding the RTA bus with a friend but decided to get off because a man was bothering her. The man also got off the bus, followed her, and pulled out a gun on her.

Defense counsel objected again at this point, and the trial court expressed its concern that the state had not laid the proper foundation for admission of [the victim's] statement as an excited utterance exception to hearsay. Defense counsel argued the [the victim's] statements were not excited utterances and admission of her statements would violate Clark's right to confront witness within the meaning of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). The trial court determined that [the victim's] statements were indeed excited utterance and did not violate Crawford because the officer's questioning was designed to address the emergency at hand.

\*\*\*

Officer Gray testified that [the victim]'s statements to him were made as soon as he responded to the scene and within ten minutes of when the 911 call came into dispatch. Officer Gray and Washington each testified that [the victim] was crying and upset throughout the interview; Officer Gray testified that Washington had her open hand on [the victim]'s back trying to comfort and calm her. Under these facts, the trial court did not abuse its discretion in finding that [the victim]'s statements to Officer Gray fell within the "excited utterances" exception to the hearsay rule.

*Clark* at ¶ 30 - 32, 35.

**{¶7}** In addition, with regard to the right of confrontation, this court held that:

Next, we determine whether Clark's right of confrontation was violated.

\* \* \*

In *Davis v. Washington,* 547 U.S. 813, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), the United States Supreme Court found the statements made with the "primary purpose" of enabling police to meet and "ongoing" emergency are not testimonial. *Id*. at 826.

    \* \* \*

    Under these circumstances, [the victim's] primary purpose in talking to the police officer was to receive assistance from him and the police officer's primary purpose was to assist [the victim]. Even though [the victim's] statements to Officer

Gray may be later used in court, it cannot be said that Officer Gray was seeking to develop [the victim's] testimony about past events for a criminal proceeding. *See State v. Goshade*, 1st Dist. Hamilton No. C-120586, 2013-Ohio-4457, ¶ 17.

Therefore, considering the totality of the circumstances, we find that [the victim]'s statements were not testimonial and, therefore, the trial court did not err in allowing those statements into evidence under the excited utterance exception to the hearsay rule.

* * *

*Clark* at ¶36, 38 - 41.

{¶8} Finally, with regard to the admission into evidence of [the victim's]

medical records, this court held that:

In the third assignment of error, Clark argues that the trial court
erred when it allowed the narrative from [the victim]'s medical records into evidence.

* * *

As with [the victim], the victim in [*State v. Echols*, 8th Dist. Cuyahoga No. 102504, 2015-Ohio-5138], died before trial. The [the victim]'s treating physician read a lengthy narrative into the record that included what she was doing before she was attacked and detailed circumstances of the attack. In this case, [nurse] Reali-Sorrell testified that it was important to collect information about the assault to understand what happened to [the victim], what her injuries might be, and to know how to treat her. Clark fails to point to any evidence, and we found none in our review of [nurse] Reali-Sorrell's testimony, that shows that the nurse was collecting the information primarily to be used in later criminal proceedings. Thus, the trial court did not commit plain error when it allowed the

nurse's testimony with regard to [the victim]'s medical records into evidence pursuant to Evid.R. 803(4).

In light of the above, we find that Clark's Sixth Amendment rights were not violated by Officer Gray's or nurse Reali-Sorrell's testimony and the trial court did not abuse its discretion in allowing the testimony into evidence.

The second and third assignments of error are overruled.

*Clark* at ¶ 42, 46 - 49.

{¶9} Clark's claim, that his right to confrontation under the Sixth Amendment was violated by the trial court admitting the statements of the deceased victim and further allowing the narrative from the victim's medical records admitted into evidence, is barred from further review by the doctrine of res judicata. The issues presently raised in support of his sole proposed assignment of error were previously determined to be without merit in *Clark, supra*. Clark is not permitted to relitigate issues that were previously raised on appeal and found to be without merit. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *State v. Crago*, 93 Ohio App.3d 621, 639 N.E.2d 801 (10th Dist.1994); *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-4482; *State v. Day*, 8th Dist. Cuyahoga No. 67767, 1995 Ohio App. LEXIS 4847 (Nov. 2, 1995). Clark has failed to establish any prejudice through his sole proposed assignment of error.

**{¶10}** Finally, we find that Clark has failed to comply with App.R. 26(B)(2)(d), which mandates that the applicant must attach to the application for reopening "a sworn statement of the basis for the claim that appellate counsel's representation was deficient." *State v. Doles*, 75 Ohio St.3d 604, 665 N.E.2d 197 (1996); *State v. Lechner*, 72 Ohio St.3d 374, 650 N.E.2d 449 (1995); *State v. Bates*, 8th Dist. Cuyahoga Nos. 97631, 97632, 97633, and 97634, 2015-Ohio-4176.

**{¶11}** Accordingly, the application for reopening is denied.

—————————

LARRY A. JONES, SR., PRESIDING JUDGE

MARY J. BOYLE, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR