[Cite as *State v. Kozic*, 2019-Ohio-1924.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ZOLTAN KOZIC,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0079**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 506

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Zoltan Kozic*, Pro Se, #604-573, Mansfield Correctional Institution, P.O. Box 788, Mansfield, Ohio 44901, Defendant-Appellant.

Dated:  May 17, 2019

D'APOLITO, J.

{¶1}   Pro se Appellant, Zoltan Kozic, appeals from the July 3, 2018 judgment of the Mahoning County Court of Common Pleas, denying his second Crim.R. 33 motion for new trial without a hearing.  On appeal, Appellant argues the trial court abused its discretion in denying his motion on the basis of newly discovered evidence, and that he was denied his right to confront under the Sixth Amendment.  Because Appellant's arguments are barred by res judicata, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This is Appellant's fifth appeal stemming from his convictions and 18-year sentence from a rash of burglaries in late 2009 through early 2010 that he committed in four counties with multiple defendants, including his brother and co-defendant Jamie Kozic.  In *State v. Kozic*, 7th Dist. Mahoning No. 11 MA 160, 2014-Ohio-3788 (*Kozic I*), this court affirmed most of Appellant's convictions and sentence, but reversed two third-degree drug trafficking convictions and ordered a limited remand for the trial court to enter convictions on lesser included fourth-degree felonies and resentence accordingly.  Because the trial court exceeded the scope of our remand in *Kozic I*, in *State v. Kozic*, 7th Dist. Mahoning No. 15 MA 0215, 2016-Ohio-8556 (*Kozic II)*, this court found the trial court erred and remanded the matter a second time for a limited resentencing hearing for the proper advisement and imposition of post-release control.  *Kozic II* at ¶ 18.

{¶3}   Appellant filed a motion for leave to file a delayed motion for new trial pursuant to Crim.R. 33.  The trial court denied the motion in September 2016.  In *State v. Kozic*, 7th Dist. Mahoning No. 16 MA 0158, 2017-Ohio-4391 (*Kozic III*), this court found that Appellant failed to establish that he was unavoidably prevented from filing a Crim.R. 33 motion in a timely fashion.  *Kozic III* at ¶ 9.  This court further determined that even assuming arguendo that Appellant provided a sufficient reason for the delay, he did not satisfy the other six criteria specified by the Supreme Court of Ohio to be granted a new trial on the ground of newly discovered evidence under *State v. Petro*, 148 Ohio St. 505,

76 N.E.2d 370 (1947). *Id.* at ¶ 10.

{¶4} On March 9, 2017, the trial court held another limited resentencing hearing pursuant to our remand in *Kozic II.* The trial court again imposed a total sentence of 18 years in prison. This court again reversed and remanded for the trial court to properly advise Appellant regarding post-release control. *State v. Kozic*, 7th Dist. Mahoning No. 17 MA 0100, 2018-Ohio-816 (*Kozic IV*).[1]

{¶5} On January 11, 2018, Appellant filed another motion for new trial pursuant to Crim.R. 33. The trial court denied Appellant's motion on July 3, 2018. Appellant filed the instant appeal and raises two assignments of error:

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S CRIMINAL RULE 33 MOTION FOR A NEW TRIAL BASED UPON HEARSAY EVIDENCE.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT'S CONFRONTATION CLAUSE WHEN THEY ALLOWED HEARSAY TESTIMONY AN UNAUTHORIZED WITNESS.**

{¶6} Appellant asserts that a confession exists from his co-defendant, Jamie Kozic, revealed at the 2015 resentencing hearing, and that he should be entitled to a new trial due to this "newly discovered evidence." Also, Appellant claims on the one hand that confidential informant Dino Barbato was not called as a witness at trial, yet on the other hand, states that "the testimony from Dino Barbato mislead the jury which resulted [in] prejudice." (1/11/18 Motion for New Trial, 2).

{¶7} Appellant's motion for new trial was filed outside the 120-day time limit under Crim.R. 33(B). Nothing in the record establishes that Appellant was unavoidably prevented from discovering the evidence that served as the basis for his motion. *See*

---

1. The trial court held a resentencing hearing on August 15, 2018, sentencing Appellant to 18 years in prison followed by a five-year mandatory period of post-release control.

*State v. Williams*, 7th Dist. Jefferson No. 14 JE 13, 2015-Ohio-2687, ¶ 7. In fact, Appellant already raised these issues in two of his prior appeals. *See Kozic I* at ¶ 24; *Kozic III* at ¶8-12.

**{¶8}** Thus, because Appellant fails to raise different issues in this appeal from what had already been raised and considered by this court, these issues are res judicata. *State v. Green*, 7th Dist. Mahoning No. 13 MA 120, 2015-Ohio-1118, ¶ 9. Appellant is not permitted to relitigate issues that were previously raised on appeal and found to be without merit. *State v. Amos*, 7th Dist. Belmont No. 17 BE 0041, 2018-Ohio-3426, ¶ 10; *see also State v. Clark*, 8th Dist. Cuyahoga No. 103324, 2017-Ohio-178, ¶ 9, citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189 (1970); *State v. Crago,* 93 Ohio App.3d 621, 639 N.E.2d 801 (10th Dist.1994).

## CONCLUSION

**{¶9}** For the foregoing reasons, Appellant's two assignments of error are barred by res judicata and are without merit. The judgment of the Mahoning County Court of Common Pleas is affirmed.

Donofrio, J., concurs.

Waite, P.J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**