# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

JAMES K. BISHOP,

Plaintiff-Appellant,

v.

CROSS CREEK TOWNSHIP POLICE DEPARTMENT,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 JE 0013**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 22 CV 0454

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Judges,
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

James K. Bishop, *Pro se*, Plaintiff-Appellant and

*Atty. Adam M. Martello*, for Defendant-Appellee.

Dated: February 5, 2024

**HANNI, J.**

{¶1} Plaintiff-Appellant, James K. Bishop, appeals from a Jefferson County Common Pleas Court judgment dismissing his complaint against Defendant-Appellee, Cross Creek Township Police Department.

{¶2} As way of background information, in 2018 following a jury trial, Appellant was convicted of theft, receiving stolen property, burglary, and safe cracking. The charges stemmed from a theft that occurred at a home where Appellant had been working. Appellee was the investigating police department. The trial court sentenced Appellant to an aggregate prison term of nine-and-a-half years. This Court affirmed the trial court's judgment on appeal. *See State v. Bishop*, 7th Dist. Jefferson No. 18 JE 0005, 2019-Ohio-2720.[1]

{¶3} On December 2, 2022, Appellant filed a pro se complaint against Appellee, which he called a "civil action for discovery under Ohio Revised Code § 2317.48." In his complaint, Appellant alleged that due to an improper police investigation, certain facts were overlooked in his criminal case resulting in a malicious prosecution. He stated that he was filing the current action in order "to reveal a potential cause of action and to draft a complaint based on facts from this discovery." He then listed numerous items from his criminal case that he sought to have Appellee provide him including: witness interrogatories; police reports; the names of all suspects; certain incident reports; and copies of subpoenas.

{¶4} Appellee filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), asserting Appellant failed to state a claim upon which relief could be granted. Specifically, Appellee argued that Appellant simply stated, "operative facts shall give rise to a right of action." Yet he did not provide any facts or allegations that would shed light on what the underlying cause of action might be.

{¶5} In response, Appellant filed a motion for leave to file an amended complaint. In the amended complaint, Appellant asserted Appellee was guilty of "malice, gross misconduct and fraudulent police investagory [sic] procedure." It went on to claim that

---

[1] Since the time we affirmed Appellant's conviction, he has since filed over 40 motions and requests in the trial court and two additional appeals.

Appellee's investigation into his criminal matter was deficient for numerous reasons. Therefore, Appellant alleged he was entitled to damages.

{¶6} The trial court granted Appellant's motion to amend his complaint. The court stated that it considered Appellant's amended complaint. The court then granted Appellee's motion to dismiss. It found that in both the complaint and in the amended complaint Appellant failed to allege facts that supported any claim upon which relief could be granted.

{¶7} Appellant filed a timely notice of appeal on June 7, 2023. Still acting pro se, he now raises two assignments of error.

{¶8} Appellant's first assignment of error states:

THE COURT ERRORED [sic] BY NOT HAVING ANY EVIDENTARY [sic] HEARING IN THIS MATTERY [sic].

{¶9} Appellant argues the trial court denied him due process by failing to hold a hearing on this matter.

{¶10} In addressing this issue, this Court has stated:

There is no evidentiary hearing on a Civ.R. 12(B)(6) motion to dismiss as factual findings are not required when ruling on such a motion, which involves the face of the complaint. *Demeraski v. Bailey*, 8th Dist. No. 102304, 2015-Ohio-2162, 35 N.E.3d 913, ¶ 17; *Cummings v. Ohio Dept. of Rehab. & Correction*, 5th Dist. No. 2002CA0065, 2003-Ohio-1250, ¶ 18; *Savage v. Godfrey*, 10th Dist. No. 01AP-388 (Sep. 28, 2001); *Rutledge v. Ohio Dept. of Rehab. & Correction*, 11th Dist. No. 98-T-0191 (Mar. 3, 2000). * * *

The failure to hold an oral hearing on a motion to dismiss under Civ.R. 12(B)(6) constitutes "no error by the trial court as motions may be decided wholly on papers, and the dismissal of a complaint without an oral hearing does not violate due process." *Savage*, 10th Dist. No. 01AP-388, citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315-316 (C.A.2 1998).

Case No. 23 JE 0013

*Jones v. Mahoning Cty. Clerk of Court*, 7th Dist. Mahoning No. 18 MA 0074, 2019-Ohio-1097, ¶ 15-16.

**{¶11}** Thus, the trial court did not err in ruling on Appellee's Civ.R. 12(B)(6) motion without holding a hearing.

**{¶12}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

**{¶13}** Appellant's second assignment of error states:

THE COURT ERRORED [sic] BY DISMISSING FOR FIALURE [sic] TO STATE A CLIAM [sic] WHICH RELIEF CAN BE SOUGHT.

**{¶14}** Appellant asserts that it is clear in both his complaint and in his amended complaint that he is seeking to obtain discovery in this case so that he will have more facts, which he needs, in order to file a claim for malicious prosecution.

**{¶15}** The standard of review for a Civ.R. 12(B)(6) motion to dismiss requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist. 2001).

**{¶16}** A motion to dismiss for failure to state a claim upon which relief can be granted is a procedural motion that tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that the plaintiff can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in the plaintiff's favor. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). Importantly, the trial court may look only to the complaint to determine whether the allegations included within it are legally sufficient to state a claim. *Hanson*, 65 Ohio St.3d at 548.

**{¶17}** In his original complaint, Appellant solely asserted that his claim was one for discovery under R.C. 2317.48, which provides:

When a person claiming to have a cause of action or a defense to an action commenced against him, without the discovery of a fact from the adverse

party, is unable to file his complaint or answer, he may bring an action for discovery, setting forth in his complaint in the action for discovery the necessity and the grounds for the action, with any interrogatories relating to the subject matter of the discovery that are necessary to procure the discovery sought. Unless a motion to dismiss the action is filed under Civil Rule 12, the complaint shall be fully and directly answered under oath by the defendant.

{¶18} The only remedy Appellant requested in his original complaint was that Appellee provide him with the requested discovery.

{¶19} In his amended complaint, Appellant again asked for the court to grant his discovery request and also added that he is seeking punitive and compensatory damages for infliction of emotional distress, tampering with records, tampering with evidence, perjury, obstructing justice, and interfering with civil rights.

{¶20} The trial court correctly determined that Appellant failed to allege any facts to support a claim upon which relief could be granted.

{¶21} In his complaint, Appellant alleges "these operative facts shall give rise to a right of action." But he alleges no operative facts in support. Instead, he lists a number of items that he wants Appellee to provide him with, which are items that would have been provided to Appellant from the prosecutor's office during discovery in his criminal case.[2]

{¶22} And in his amended complaint, Appellant makes numerous allegations of how Appellee was deficient in its investigation of his criminal case. Specifically, Appellant alleges Appellee: (1) failed to train; (2) abused the judicial process; (3) was guilty of malicious prosecution; (4) failed to keep a chain of custody; (5) failed to let Appellant examine evidence; (6) mixed up documents; (7) failed to investigate Appellant's alibi; (8) failed to investigate a contractor; (9) failed to investigate the victims' report; (10) failed to investigate other thefts in the area; (11) failed to notice a discrepancy with Appellant's identification; (12) failed to take fingerprints of the crime scene; and (13) failed to identify a ring.

---

[2] The docket of Appellant's criminal case reveals that his counsel requested discovery on December 22, 2017, and the State provided Appellant with discovery materials on January 2, 2018.

Case No. 23 JE 0013

**{¶23}** But while Appellant makes numerous allegations of how Appellee mishandled its investigation of his criminal matter, he fails to provide any specific operative facts in support of a particular cause of action. Thus, the trial court properly granted Appellee's motion to dismiss.

**{¶24}** Accordingly, Appellant's second assignment of error is without merit and is overruled.

**{¶25}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Robb, P.J., concurs.

Klatt, J., concurs.

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**