[Cite as *State v. Bishop*, 2024-Ohio-2158.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES K. BISHOP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case Nos. 23 JE 0015, 23 JE 0016**

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17 CR 143

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, for Plaintiff-Appellee and

James K. Bishop*,* Defendant-Appellant.

Dated: June 4, 2024

**DICKEY, J.**

{¶1} Pro se Appellant, James K. Bishop, appeals from the July 25, 2023 judgment of the Jefferson County Court of Common Pleas denying his 18 motions/requests filed between August 3, 2022 and May 1, 2023 seeking various relief and further orders from the trial court.[1] In these consolidated appeals, Appellant raises arguments involving Crim.R. 33, R.C. 2953.21, Crim.R. 48, Crim.R. 16, R.C. 309.05, and Crim.R. 12. The record reveals Appellant's claims are barred by principles of res judicata. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} This matter stems from Appellant's burglary conviction in 2018. In 2019, this court denied Appellant's direct appeal in *State v. Bishop*, 7th Dist. Jefferson No. 18 JE 0005, 2019-Ohio-2720. The Supreme Court of Ohio declined jurisdiction in *State v. Bishop,* 158 Ohio St.3d 1435, 2020-Ohio-877.

{¶3} Since then, Appellant has continuously attempted to overturn his conviction and/or sentence, filing various requests for relief in this court, including: an application to reopen his appeal (*State v. Bishop*, 7th Dist. Jefferson No. 18 JE 0005, 2019-Ohio-4963); an appeal from the denial of a motion to correct jail time credit (*State v. Bishop*, 7th Dist. Jefferson No. 20 JE 0006, 2021-Ohio-2356); a consolidated appeal involving a motion contesting speedy trial and a motion to dismiss (*State v. Bishop*, 7th Dist. Jefferson Nos. 21 JE 0018 and 21 JE 0019, 2022-Ohio-1565); and applications for reconsideration (*State v. Bishop*, 7th Dist. Jefferson No. 18 JE 0005, 2023-Ohio-4511).

{¶4} The foregoing is not an exhaustive list of Appellant's filings in this court. Appellant has also filed at least two appeals in the Supreme Court of Ohio and multiple actions in federal court. *See Bishop*, 2023-Ohio-4511, ¶ 2.

{¶5} At issue here are Appellant's 18 pro se motions/requests, including: (1) motion for pretrial transcripts; (2) motion for an order to remove the prosecutor and assistant prosecutor; (3) motion to inspect the grand jury minutes and to dismiss the

---

[1] Appellant filed two separate notices of appeal, Case Nos. 23 JE 0015 and 23 JE 0016, from the same underlying trial court judgment in Case No. 17 CR 143. On October 17, 2023, this court sua sponte consolidated Appellant's appeals.

indictment; (4) affidavit for a motion for discovery; (5) motion to dismiss with prejudice; (6) motion for leave to file a delayed motion for new trial and a motion for new trial; (7) motion to correct jail time credit; (8) motion for an evidentiary hearing for the new trial motion; (9) motion for summary judgment; (10) motion for issuance of subpoena; (11) motion for change of venue; (12) motion for an order to arrest the prosecutor; (13) motion for default judgment; (14) summary judgment request; (15) motion for leave to file amended complaint; (16) another motion for default judgment; (17) motion for ruling on post-conviction petition; and (18) motion for ruling on motion for new trial.

{¶6} On July 25, 2023, the trial court denied Appellant's 18 pro se motions/requests, specifically finding/ordering:

> [T]he Defendant's *Pro Se* Motions/Requests [were] previously considered and decided by either the trial court or appellate court, and that no further substantive consideration of these Motions/Requests should be undertaken[.]
>
> * * *
>
> [T]he eighteen (18) *Pro Se* Motions/Requests filed by the Defendant in this case between 08/03/2022 and 05/01/2023 and enumerated and explicated in the State's 07/20/2023 Memorandum in Opposition to Pending Motions/Requests are OVERRULED/DENIED.
>
> [T]he Clerk of Courts shall close this case file and remove it from the pending case docket. * * *

(7/25/2023 Judgment Entry, p. 1-2).

{¶7} Appellant filed the instant appeals and raises six assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE COURT ERRED BY DENIAL OF DEFENDANT'S MOTION FOR NEW TRIAL UNDER CRIM.R. 33 AND R.C. 2953.21 POST CONVICTION PETITION.**

Case Nos. 23 JE 0015, 23 JE 0016

**ASSIGNMENT OF ERROR NO. 2**

**COURT ERRED BY NOT HOLDING AN EVIDENTIARY HEARING.**

**ASSIGNMENT OF ERROR NO. 3**

**COURT ERRED BY DISMISSING DEFENDANT'S MOTION TO DISMISS PURSUANT TO CRIM.R. 48 UNDER CRIM.R. 16.**

**ASSIGNMENT OF ERROR NO. 4**

**COURT ERRED BY NOT HOLDING AN EVIDENTIAL HEARING PURSUANT TO R.C. 309.05 REMOVAL OF PROSECUTOR.**

**ASSIGNMENT OF ERROR NO. 5**

**COURT FAILED TO DISMISS PURSUANT TO C.R. 12 WHEN THE PROSECUTOR FAILED TO APPEAR.**

**ASSIGNMENT OF ERROR NO. 6**

**THE STATE FAILED TO COMPLY WITH CRIM.R. 16 AND WITHHELD DEFENDANT EXCULPATORY EVIDENCE OF HIS PHONE RECORDS.**

{¶8} Once again, Appellant has set forth a "jumbled web of factual and procedural arguments that are difficult, at best, to construe." *See Bishop*, 2023-Ohio-4511, ¶ 6; (11/09/2023 Appellant's Brief); (2/20/2024 Appellant's Reply Brief). This matter has been exhaustively litigated by Appellant and must come to a conclusion. All of Appellant's current arguments have either been resolved, are moot, are untimely, or are matters that should have been (or were) raised on direct appeal or in prior post-judgment motions. There is nothing that warrants additional review by this court.

Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

Case Nos. 23 JE 0015, 23 JE 0016

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*State v. Smith*, 7th Dist. Mahoning No. 19 MA 0064, 2019-Ohio-4501, ¶ 5, quoting *State v. Perry*, 10 Ohio St.2d 175, 180-181 (1967).

{¶9}    "[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions." *Smith* at ¶ 8.

{¶10} Regarding Appellant's 18 pro se motions/requests, the record reveals the following: (1) motion for pretrial transcripts (Appellant was provided with a copy of his trial transcripts); (2) motion for an order to remove the prosecutor and assistant prosecutor (proper for direct appeal and these issues have already been ruled on); (3) motion to inspect the grand jury minutes and to dismiss the indictment (could have been raised on direct appeal); (4) affidavit for a motion for discovery (Appellant received all discovery prior to his trial); (5) motion to dismiss with prejudice (could have been raised on direct appeal or in petition for post-conviction relief); (6) motion for leave to file a delayed motion for new trial and a motion for new trial (all of Appellant's prior motions for new trial were overruled); (7) motion to correct jail time credit (this issue has already been resolved); (8) motion for an evidentiary hearing for the new trial motion (moot); (9) motion for summary judgment (nothing new raised that has not already been ruled upon by either the trial court or this court); (10) motion for issuance of subpoena (time has expired); (11) motion for change of venue (time has expired); (12) motion for an order to arrest the prosecutor (the trial court repeatedly addressed this issue and this could have been raised on direct appeal); (13) motion for default judgment (Appellant's belief that the prosecutor should be arrested was found to be without merit); (14) summary judgment request (nothing new raised that has not already been ruled upon by either the trial court or this court); (15) motion for leave to file amended complaint (could have been raised on direct appeal or in petition for post-conviction relief); (16) another motion for default judgment (Appellant's belief that the prosecutor should be arrested was found to be without merit);

(17) motion for ruling on post-conviction petition (same issue has already been overruled and affirmed); and (18) motion for ruling on motion for new trial (all of Appellant's prior motions for new trial were overruled).

**{¶11}** All of Appellant's arguments were raised, or could have been raised on direct appeal or in previous post-judgment motions.  They are, therefore, barred by res judicata.  *See Smith* at ¶ 5, 8, 11; *Perry* at 180-181.

**{¶12}** Accordingly, Appellant's first through sixth assignments of error are without merit.

## CONCLUSION

**{¶13}** For the foregoing reasons, Appellant's assignments of error are not well-taken.  The July 25, 2023 judgment of the Jefferson County Court of Common Pleas denying Appellant's 18 pro se motions/requests is affirmed.

.

Robb, P.J., concurs.

Hanni, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**