[Cite as *State v. Bishop*, 2025-Ohio-4948.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JAMES K. BISHOP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 JE 0005

---

Criminal Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 17 CR 143

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, and *Atty. Frank J. Bruzzese*, Assistant Prosecutor, for Plaintiff-Appellee

James K. Bishop, Pro se, Defendant-Appellant

Dated: October 29, 2025

---

**WAITE, J.**

**{¶1}** Appellant James K. Bishop has filed a *pro se* appeal of the denial of his motion for leave to file a delayed motion for new trial. Appellant was convicted in Jefferson County in 2018 of theft, receiving stolen property, burglary, and safecracking, and the conviction and sentence were affirmed on appeal. *State v. Bishop*, 2019-Ohio-2720 (7th Dist.). He was sentenced to nine-and-one-half years in prison. Approximately seven years into his prison term, he requested a new trial based on an allegation of newly discovered evidence. Appellant argues that he should be granted a new trial because of information he supposedly learned during trial in a separate criminal case in 2025 in Richland County in which he was convicted of extortion and intimidation. Appellant has not provided clear and convincing evidence that he was unavoidably prevented from discovering any evidence that would have allowed him to file a timely motion for new trial. The trial court correctly denied Appellant's motion for leave. Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Facts and Procedural History

**{¶2}** Matters involving this criminal case have been before us many times before. Appellant's crimes occurred in 2016, while he was an employee of Tom Brown Construction and was engaged in a construction project at the victim's home in Jefferson County. The scope of this project only required him to be in the victim's garage. Nevertheless, he entered and exited the residence many times while working on the garage. The victim later discovered that money was missing from the house, a lock box had been broken into, and the jewelry inside the lock box had been taken. Police determined that Appellant had pawned some of the jewelry in East Liverpool and Toledo.

Appellant was indicted in Jefferson County on November 8, 2017 for theft, receiving stolen property, burglary, and safecracking. The case went to trial and the jury found him guilty on all charges on January 9, 2018. The sentencing judgment entry containing his prison term was filed on January 18, 2018.

{¶3} Appellant filed a direct appeal on March 8, 2018. The late filing was converted into a motion for delayed appeal, which was granted. The judgment of the trial court was affirmed on June 28, 2019. *State v. Bishop*, 2019-Ohio-2720 (7th Dist.). Appellant has filed many post-conviction motions in this matter, including a petition to vacate or set aside judgment of conviction and sentence, a motion for reconsideration, motions for jail time credit, a motion for judicial release, a petition for post-conviction release, public records requests, a motion for mistrial, a motion for wrongful imprisonment, a motion for dismissal of charges with prejudice, a motion for summary judgment, motion for change of venue, and a motion for default judgment. On August 16, 2020, Appellant filed a motion for leave to file a delayed motion for new trial, which was denied. Appellant filed various appeals of the denials of many of these motions, and the trial court was affirmed each time, except for one appeal in which he was given four extra days of jail time credit. *State v. Bishop*, 2021-Ohio-2356 (7th Dist.); *see also*, *State v. Bishop*, 2019-Ohio-4963 (7th Dist.); *State v. Bishop*, 2022-Ohio-1565 (7th Dist.); *State v. Bishop*, 2023-Ohio-4511 (7th Dist.); *State v. Bishop*, 2024-Ohio-2158 (7th Dist.). Appellant also sued the police department that conducted the investigation of this case. That suit was dismissed for failure to state a claim. *Bishop v. Cross Creek Twp. Police Dept.*, 2024-Ohio-414 (7th Dist.).

**{¶4}** Appellant's most recent motion for leave to file a delayed motion for new trial was filed on March 3, 2025. It was denied on April 28, 2025. The judgment entry was appealed on May 16, 2025.

**{¶5}** Appellant has filed a pro se brief containing two assignments of error.

ASSIGNMENT OF ERROR NO. 1

WHETHER; THE TRIAL COURT ABUSED ITS DISCRETION, BY DISMISSING THE APPELLANT'S MOTION FOR LEAVE TO FILE DELAYED MOTION FOR NEW TRIAL, PURSUANT TO CRIM.R.33(A)(1), & (6), WITHOUT FIRST HAVING A HEARING, HENCE, I WAS DEPRIVED OF A RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH, AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, THEREBY, MATERIALLY AFFECTING MY SUBSTANTIAL RIGHTS...P. 6

ASSIGNMENT OF ERROR NO. 2

WHETHER; THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT'S MOTION FOR NEW TRIAL, PURSUANT TO CRIM.R. 33(A)(1), & (6), BECAUSE I WAS PREVENTED FROM HAVING A FAIR TRIAL, DUE TO JUDICIAL BIAS, AS GUARANTEED BY THE FIFTH, SIXTH AND FOURTEENTH, AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION

10, ARTICLE I OF THE OHIO CONSTITUTION IN RULE OF LAW, THEREBY, MATERIALLY AFFECTING MY SUBSTANTIAL RIGHTS.

**{¶6}** Appellant's two assignments of error are related and will be treated together. Appellant challenges the denial, without a hearing, of his motion for leave to file a delayed motion for a new trial, and by extension, the trial court's failure to actually grant a motion for a new trial. As earlier stated, this was not the first such motion Appellant has filed, and which has been denied by the trial court. The basis of Appellant's most recent motion for leave was an allegation of newly discovered evidence of judicial bias that should have necessitated a new trial.

**{¶7}** Crim.R. 33 governs motions for new trials in criminal proceedings. Crim.R. 33(A)(6) allows for a new trial on the basis of newly discovered evidence. There is a time limit for filing such motions: "Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered . . . ." The verdict in this case was rendered on January 9, 2018. Appellant's motion for leave was filed on March 3, 2025. If a defendant wishes to file a motion seeking a new trial beyond the 120-day time limit, "he or she must seek leave from the trial court to file a delayed motion." *State v. Berry*, 2007-Ohio-2244, ¶ 19 (10th Dist.). "To obtain such leave, the defendant must demonstrate by clear and convincing proof that he or she was unavoidably prevented from discovering the evidence within the 120 days." *Id.*, citing Crim.R. 33(B). "A party is 'unavoidably prevented' from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing

the motion in the exercise of reasonable diligence." *Id.*, citing *State v. Lee*, 2005-Ohio-6374, ¶ 7 (10th Dist.).

{¶8} We review a Crim.R. 33(B) motion for leave to file a motion for a new trial under an abuse of discretion standard. *State v. Shakoor*, 2010-Ohio-6386, ¶ 17 (7th Dist.). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

{¶9} Appellant set forth the nature of the alleged new evidence he claims warrants a new trial in his motion for leave to file a delayed motion for new trial, filed on March 3, 2025 in the trial court. The nature of the new evidence was: (1) the former trial judge in the instant case, Jefferson County Case No. 17 CR 143, filed charges of extortion and intimidation against Appellant in Richland County in June of 2023; (2) part of the evidence in the extortion case was that Appellant asked the trial judge to recuse himself from further proceedings in Case No. 17 CR 143; (3) Appellant learned some sort of information (which Appellant never clarifies) on January 14, 2025 during the extortion trial; and (4) Appellant was found guilty of the extortion and intimidation charges in 2025. The original trial judge in the instant case ceased presiding over this case on May 30, 2023. We can take judicial notice that Appellant was, indeed, found guilty by jury in Richland County Case No. 23 CR 948R of extortion and intimidation and was sentenced to 66 months in prison. (Richland County Case No. 23 CR 948R, 1/16/25 J.E.).

{¶10} The verdict in the case now before us was issued on January 9, 2018. Appellant had 120 days from that date to file a motion for new trial on the grounds of newly discovered evidence. The motion for leave to file a delayed motion for new trial

was filed on March 3, 2025, nearly seven years too late. Therefore, Appellant was required to provide clear and convincing evidence that he was unavoidably prevented from discovering the evidence on which he relies to seek a new trial within the 120 days allowed by Crim.R. 33(C).

{¶11} None of Appellant's allegations raise an argument, much less provide evidence, that explains how Appellant was unavoidably prevented from filing a motion for new trial. In fact, his argument appears to be that he engaged in activity in 2022 that lead to an extortion charge in Richland County in 2023. He was convicted of extortion in Richland County in 2025 on the basis of this charge. During this criminal activity in Richland County, he gained knowledge of allegedly new evidence, although he never explains what this evidence might be. It is unclear how a crime committed in 2022 in Richland County, or the prosecution of that criminal case in Richland County, could constitute new evidence in a case arising from criminal conduct that occurred in Jefferson County in 2016, and which was prosecuted in Jefferson County in 2017 and 2018.

{¶12} Again, Appellant has filed previous motions seeking a new trial, all of which were denied, and all of those denials were upheld on appeal. *State v. Bishop*, 2024-Ohio-2158 (7th Dist.). As Appellant has not specified exactly what information he believes he discovered on January 14, 2025 that purports to form the evidentiary basis of his latest motion for leave to file a delayed motion for new trial, we can only presume that whatever the evidence is, it was already known to Appellant or should have been known at the time he filed his prior motions for new trial. Thus, the matter is now res judicata. "All of Appellant's arguments were raised, or could have been raised on direct appeal or in previous post-judgment motions. They are, therefore, barred by res judicata." *Id.* at ¶ 11.

{¶13} No abuse of discretion is reflected in this record or raised by Appellant's arguments.  Appellant's two assignments of error are overruled.

Conclusion

{¶14} Appellant has appealed the denial of a motion for leave to file a delayed motion for new trial.  Appellant argues that he should be granted a new trial on the grounds of newly discovered evidence.  Appellant fails to explain what this evidence is, exactly.  Further, Appellant fails to provide clear and convincing evidence that he was unavoidably prevented from discovering any alleged new evidence.  There was no error or abuse of discretion by the trial court in denying Appellant's motion for leave.  The assignments of error are overruled, and the judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

[Cite as *State v. Bishop*, 2025-Ohio-4948.]

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**