[Cite as *State v. Amos*, 2018-Ohio-3426.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN E. AMOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 BE 0041

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 07 CR 56

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney
147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee
No Brief Filed

*John E. Amos*, *Pro se*, #A548814, Marion Correctional Institution, P. O. Box 57, 940
Marion-Williamsport Road, Marion, Ohio 43302.

Dated: August 17, 2018

---

**WAITE, J.**

**{¶1}** Appellant John E. Amos appeals a decision of the Belmont County Court of Common Pleas denying a motion to vacate his sentence. Appellant argues the trial court incorrectly grouped together postrelease control sanctions for his multiple convictions. Appellant also argues the trial court erred in entering a conviction when the indictment failed to charge an actual offense. For the reasons expressed below, Appellant's arguments lack merit. The judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** This matter emanates from acts which occurred from September 2003 through August 2006 between Appellant and both his minor daughter and her friend who was also a minor during the time period in question. The acts were sexual in nature, and occurred in multiple locations. Appellant engaged in these acts both one-on-one with each minor and in group situations.

**{¶3}** On March 7, 2007, Appellant was indicted on seven counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree. The indictment alleged Appellant engaged in sexual acts with both minors using force or the threat of force. A jury trial was held and Appellant was convicted on five of the seven charged rape counts. At a subsequent sentencing hearing, Appellant was sentenced to a term of ten years for each count to be served consecutively, for a total stated prison term of fifty years. Appellant filed a timely appeal. *State v. Amos*, 7th Dist. No. 07 BE 22, 2008-Ohio-7138. Appellant challenged the validity of his convictions, alleging the trial court erred in failing to grant a mistrial when the minor child testified regarding Appellant's prior prison term and alleging that the state had failed to prove venue on two of the counts of rape. Appellant also contested his sentence, arguing that the trial court erred

in making sentencing findings based on unconstitutional statutes pursuant to *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-0856, interpreted by this Court in *State v. Moore,* 7th Dist. No. 06 MA 60, 2007-Ohio-1574.  We upheld his convictions, concluding there was no prejudice in the minor child's statements and that Belmont County was the proper venue.  The matter was remanded for resentencing, as the trial court relied on statutes that had been held unconstitutional.

{¶4}  On August 29, 2008, a resentencing hearing was held.  On September 2, 2008, the trial court issued a judgment entry sentencing Appellant to a term of ten years on each of the five counts of rape to be served consecutively, for a total stated prison term of fifty years.  The judgment entry of sentence noted that Appellant was sentenced in accordance with the purposes and principles of sentencing set forth in R.C. 2929.11, 2929.12 and 2929.13.  (9/2/08 J.E., p. 3.)  The trial court also stated that Appellant was subject to a mandatory period of postrelease control for five years.  No direct appeal was filed from that judgment.

{¶5}  On September 18, 2017, Appellant filed a motion to correct a void sentence, alleging that the trial court erred in its imposition of postrelease control and that the indictment failed to charge an offense.  On September 20, 2017, the trial court overruled Appellant's motion pursuant to R.C. 2967.28(F)(4)(c) and determined that Appellant's claimed errors regarding his indictment were "nonexistent."  (9/20/17 J.E.)

{¶6}  Appellant now files this *pro se* appeal presenting two assignments of error.

<u>ASSIGNMENT OF ERROR NO. 1</u>

TRIAL COURT ERRED IN DISMISSING THE APPELLANT [SIC] MOTION WHEN THE TRIAL COURT FAILED TO CORRECT IMPROPER

IMPOSITION OF POST-RELEASE CONTROL PURSUANT TO R.C. 2967.28(B) VIOLATING HIS DUE PROCESS.

**{¶7}** Appellant has appealed the trial court's denial of his motion to correct a void sentence. We must first consider whether Appellant's motion comported with the requirements of a postconviction petition.

<u>Postconviction Petition</u>

**{¶8}** A motion which is not specifically authorized under the Ohio Rules of Criminal Procedure is classified as a postconviction petition if "it is a motion that (1) was filed subsequent to [the defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Hudson,* 7th Dist. No. 16 JE 0007, 2017-Ohio-4280, ¶ 9, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). Appellant's motion falls within these criteria, as his motion was filed outside of a direct appeal, asserts a violation of a constitutional right, claims that his sentence is void, and asks for his sentence to be vacated.

**{¶9}** To successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 7th Dist. No. 14 MA 0094, 2016-Ohio-7183, ¶ 9, citing R.C. 2953.21(A)(1). A hearing on the petition is not automatic. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). Pursuant to R.C. 2953.21(D), the petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. However, as a postconviction petition does not

provide a forum to relitigate issues that could have been raised on direct appeal, *res judicata* bars many claims. *Agee* at ¶ 10.

**{¶10}** The doctrine of *res judicata* "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct appeal." *State v. Croom*, 7th Dist. No. 13 MA 98, 2014-Ohio-5635, ¶ 7, citing *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981). However, where "an alleged constitutional error is supported by evidence that is de hors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal." *State v. Green*, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, ¶ 21, citing *State v. Smith*, 125 Ohio App.3d 342, 348, 708 N.E.2d 739 (12th Dist.1997). In order to overcome the *res judicata* bar, the petitioner must demonstrate that the claim could not have been appealed based on the original trial record. *Agee* at ¶ 11, citing *State v. Combs*, 100 Ohio App.3d 90, 97, 652 N.E.2d 205 (1st Dist.1994).

Timeliness

**{¶11}** R.C. 2953.21(A)(2) and R.C. 2953.23(A)(1) require a petitioner to file a petition within one year after the trial transcripts are filed in the court of appeals. Failure to comply with these statutes is fatal to a petition unless the petitioner can show that he was unavoidably prevented from discovering facts necessary to his claim or that the U.S. Supreme Court has recognized a new retroactive right and no reasonable factfinder could find him guilty but for the alleged error. Appellant has filed this petition more than eight years after the one-year period expired and has failed to provide an explanation of his delay.

**{¶12}** R.C. 2953.21(A)(2) provides that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."  Ohio law provides a two-part exception to this rule if the petitioner can demonstrate that he meets the criteria found in R.C. 2953.23(A)(1)(a)-(b).  Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show that he:

> was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

**{¶13}** Pursuant to R.C. 2953.23(A)(1)(b), the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

**{¶14}** The record in this case reflects that Appellant filed no direct appeal from the September 2, 2008 judgment entry of resentencing and no trial transcripts of his resentencing hearing were filed with this Court.  His filing deadline was September of 2009, however, Appellant filed his postconviction petition on September 18, 2017, a time span of over eight years.  Pursuant to R.C. 2953.21(A)(2), this petition is untimely unless Appellant can show that his case falls within the exception provided by R.C. 2953.23(A)(1)(a)-(b).  Appellant does not provide an explanation for his untimeliness.  As such, Appellant's petition was untimely and his untimeliness was not excused

Case No. 17 BE 0041

pursuant to R.C. 2953.23(A)(1)(a)-(b). Despite his untimeliness, we must determine whether Appellant's postconviction petition falls within the limited circumstances allowed on appellate review.

### Postrelease Control

**{¶15}** "[I]f 'a sentence is void for failure to include proper postrelease-control notification, the trial court—or the reviewing court—has an obligation to recognize the void sentence, vacate it, and order resentencing.' " *State v. Dawson,* 2d Dist. No. 2012-CA-54, 2013-Ohio-1817, ¶ 8, citing *State v. Harrison,* 2d Dist. No. 24471, 2011-Ohio-6803, ¶ 20. "[A] trial court, confronted with an untimely or successive petition for postconviction relief that challenges a void sentence, must ignore the procedural irregularities of the petition and, instead, vacate the void sentence and resentence the defendant." *State v. Brown,* 4th Dist. No. 16CA3770, 2017-Ohio-4063, ¶ 28, citing *State v. Hartley,* 10th Dist. No. 15AP-192, 2016-Ohio-2854, ¶ 28; *State v. Bandy,* 8th Dist. Nos. 101785, 101786, 2015-Ohio-1033, ¶ 11; *State v. Hudson,* 2d Dist. No. 2014 CA 53, 2014-Ohio-5368, ¶ 19; *State v. Holcomb,* 184 Ohio App.3d 577, 2009-Ohio-3187, 921 N.E.2d 1077, ¶ 19 (9th Dist.). Therefore, although Appellant's motion is an untimely postconviction petition, we will review his arguments as they regard postrelease control.

**{¶16}** Appellant first argues that the trial court erred in failing to properly impose postrelease control. He contends the trial court was required to impose postrelease control separately for each sentence. Appellant also attempts to raise a violation of his due process rights. Citing *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, Appellant contends the trial court improperly utilized a "packaging doctrine"

in the postrelease control portion of his sentence. Appellant's reliance on *Saxon* is misplaced. In *Saxon* the Ohio Supreme Court held that when the trial court errs in sentencing a defendant on a single offense within a multi-offense case, a reviewing court lacks the authority to vacate the entire multiple-offense sentence. Here, Appellant contends that the trial court packaged together the postrelease control portion of his sentence. R.C. 2967.28(F)(4)(c) governs the imposition of postrelease control in the instant matter and reads, in pertinent part:

> If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other.

{¶17} Appellant failed to provide the transcripts from his August, 2008 sentencing hearing. "When a defendant fails to provide a complete and proper transcript, a reviewing court will presume regularity of the proceedings in the trial court." *State v. Dumas,* 7th Dist. No. 06 MA 36, 2008-Ohio-872, ¶ 14, citing *State v. Johnson,* 9th Dist. No. 02CA008193, 2003-Ohio-6814, ¶ 9. Thus, we must presume that the trial court properly advised Appellant at the sentencing hearing of the terms of his postrelease control.

{¶18} Turning to the judgment entry of sentence, the trial court indicates that postrelease control is mandatory; specifies its duration; and states that the parole authority may increase or reduce restrictions imposed by the parole board. *State v. Grimes,* 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700. Thus, it is apparent that

Case No. 17 BE 0041

the trial court properly adhered to the postrelease control notification requirements in the sentencing entry. Appellant's argument relative to postrelease control is without merit. Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE APPELLANT WAS [SIC] DUE PROCESS AND DOUBLE JEOPARDY PROTECTION WHEN TRIED BY A [SIC] INDICTMENT THAT FAILS TO CHARGE AN OFFENSE VIOLATING U.S [SIC] CONSTITUTION AND OHIO CONSTITUTION.

**{¶19}** In his second assignment of error, Appellant raises the issue of whether his indictment on the offenses adequately charged an offense and, if not, whether this violated his rights of due process and double jeopardy.

**{¶20}** Whether the indictment charged an offense is a matter that can only be proven by reference to the record as it existed during the time of the direct appeal. While Appellant did file an appeal of his conviction, the matter now on appeal is directly tied to Appellant's resentencing. Appellant filed no appeal from the trial court's September 2008 resentencing. Moreover, Appellant presents no evidence outside of the record to demonstrate that the claim now asserted could not have been raised in any direct appeal. See *State v. Brown,* 7th Dist. No. 13 MA 176, 2014-Ohio-4008. As such, Appellant's claim regarding his indictment is barred by *res judicata* for purposes of postconviction relief and cannot now be reviewed. Again, postconviction relief relates to evidence that was not and could not be produced at trial and is outside of the trial record. The indictment forming the basis of Appellant's convictions clearly constitutes evidence that is part of the record in this case and could have been presented at trial.

<u>Case No. 17 BE 0041</u>

Appellant did not raise this matter prior to trial or on direct appeal and cannot now raise it in a postconviction petition. *State v. Martin,* 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 3. Appellant's second assignment of error is without merit and is overruled.

Conclusion

**{¶21}** Appellant's postconviction petition challenges both postrelease control and his indictment. Regarding postrelease control, in the absence of a transcript, after reviewing the judgment entry of sentence it is clear that the trial court properly incorporated Appellant's postrelease control notification into his sentencing entry in accordance with the statute. We find no error regarding postrelease control. Regarding Appellant's argument relative to his indictment, Appellant was required to have raised the issue prior to trial, and cannot challenge it now in a postconviction petition. Thus it is barred by *res judicata*. Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**