[Cite as *State v. Amos*, 2024-Ohio-2939.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN E. AMOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 24 BE 0009**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 07 CR 56

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee

John E. Amos, *Pro se.*

Dated: July 31, 2024

**Robb, P.J.**

{¶1}   Defendant-Appellant John E. Amos appeals the decision of the Belmont County Common Pleas Court denying a successive and untimely post-conviction petition filed more than 16 years after he was convicted on five counts of rape. His motion asked the court to make an allied offense determination, suggesting a merger issue resulted in a void sentence. However, as we held in Appellant's prior appeal, after a similar post-conviction motion, the merger allegations would not render his sentence void and the issue was res judicata because it could have been raised in a direct appeal of the conviction. In accordance, the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2}   On March 7, 2007, Appellant was indicted on seven counts of rape under R.C. 2907.02(A)(2) (purposely compelling another to engage in sexual conduct by force or threat of force). A jury found him guilty on five of these rape counts (counts one, two, three, four, and seven) and not guilty on two counts.

{¶3}   The victim in count one was JH, and the victim in count two was KS, Appellant's daughter. These two counts were alleged to have occurred at the end of 2003 when Appellant, another male, and both victims were at an unknown location in Belmont County.

{¶4}   As to counts three, four, and seven, the victim was KS. The indictment alleged count three occurred in March 2005 while count four and seven occurred between January 2003 and August 2006. The bill of particulars disclosed counts three and four took place in Martins Ferry, Ohio while a named female was present (elsewhere said to be Appellant's wife or girlfriend). The location for count seven was described as a former lumber company building in Lansing, Ohio.

{¶5}   On April 27, 2007, a sentencing and sexual predator hearing was held for the five offenses. In a May 4, 2007 sentencing entry, the court imposed the maximum sentence of ten years on each of the five counts to run consecutively. In the sexual predator entry filed the same day, the court indicated JH was 19 years old when Appellant raped her and KS was between 13 and 17 years old during the four rapes committed

against her. The court's verbiage ("occasions") suggested each count represented separate conduct.

**{¶6}** Appellant's direct appeal from his conviction raised issues on the following topics: the propriety of KS testifying that Appellant began visiting her after he was released from prison; the sufficiency of the evidence on venue for counts one and two; the validity of the court's answer to a jury question identifying the counts; and the application of the sentencing statutes. *State v. Amos*, 2008-Ohio-7138 (7th Dist.). In overruling Appellant's first three arguments, our decision mentioned facts relevant to one of Appellant's later merger arguments. For instance, while finding sufficient evidence on venue for counts one and two, this court pointed to the testimony of JH, KS, and the other male involved (who all spoke of driving around and drinking alcohol with Appellant in Belmont County before he committed those rapes). *Id.* at ¶ 20, 26.

**{¶7}** Additionally, in overruling Appellant's argument on the answer to a jury question, we explained the trial court labeled the offenses for the jury: "Count 1 refers to JH only. Count 2 refers to KS at the same time as Count 1. Count 3 refers to threesome, March 2005. Count 4 refers to threesome. [Two counts no longer at issue]. Count 7 is [a lumber company]." *Id.* at ¶ 37-44. This was a reiteration of facts both sides utilized in opening statements and closing arguments. *Id.* at ¶ 47.

**{¶8}** While upholding the verdict, we remanded for resentencing due to former Supreme Court precedent barring sentencing courts from utilizing the statutory sentencing provisions for maximum and consecutive sentences. *Id.* at ¶ 32-34. At the August 29, 2008 resentencing hearing, the trial court imposed the same sentence of ten years on each count to run consecutively. The court said Appellant's daughter was the victim in four counts. The trial court noted Appellant used alcohol on one occasion and threatened this victim with a handgun. The court explained the daughter's friend was the victim in the other count. Consistent with the first sentencing entry, the court said it considered the trial evidence and the presentence investigation report, including the police report. Appellant did not appeal the September 2, 2008 sentencing entry.

**{¶9}** In the meantime, Appellant filed a petition for postconviction relief under R.C. 2953.21. He argued the victims' testimony lacked credibility. The trial court overruled the petition on October 2, 2008, and no appeal was filed.

{¶10} In June 2017, the trial court overruled motions wherein Appellant argued the charged offenses did not fall under the court's jurisdiction and the indictment failed to allege facts constituting an offense.

{¶11} Appellant subsequently filed a motion to correct a "void" sentence, arguing the indictment was insufficient to charge an offense and post-release control was not imposed properly. The trial court overruled this motion, and this court affirmed. *State v. Amos*, 2018-Ohio-3426, (7th Dist.). On the indictment issue, we described the motion as an untimely petition for post-conviction relief that failed to demonstrate statutory grounds for untimeliness and found the issue was barred by res judicata as it could have been raised on direct appeal. *Id.* at ¶ 10-14, 20-21.

{¶12} In 2019, Appellant filed a petition entitled, "Motion for an Allied Offense Determination." He said the record was silent as to whether the trial court addressed the issue of allied offenses of similar import under R.C. 2941.25 and the court therefore must have failed to consider merger. He argued this failure to mention merger was plain error and the judgment was contrary to law for imposing a sentence without evincing compliance with the merger statute. He claimed the merger argument rendered the sentence void and was thus not barred by res judicata. He also alleged ineffective assistance of counsel for failing to raise the issue.

{¶13} On January 15, 2019, the trial court overruled Appellant's motion. The court pointed out Appellant could have raised the alleged merger issue in the direct appeal from his criminal conviction. The court cited cases from the Ohio Supreme Court and this district holding the issue of merger of allied offenses must be asserted in a timely appeal or it will be barred by res judicata principles in cases where the trial court found the offenses were not subject to merger *or* where the court failed to make any finding on the topic. The trial court also found Appellant failed to explain why his offenses should have been merged based upon the conduct presented to the jury. The court pointed out count one involved victim JH and the other four counts involved victim KS on four different occasions.

{¶14} Appellant filed a timely appeal from the denial of his 2019 motion, setting forth an assignment of error alleging, "Trial counsel was ineffective and the trial court erred for failing to motion and/or merge counts pursuant to R.C. 2941.25." (Caps.

omitted.)  *State v. Amos*, 2019-Ohio-3651, ¶ 12 (7th Dist.).  As explained further below, we rejected his argument and affirmed the trial court's judgment.  *Id.* at ¶ 12-27.

**{¶15}**  In 2020, Appellant filed another motion to vacate a "void" sentence.  The court overruled his motion on February 14, 2020.  His appeal was dismissed after he failed to file a brief.  *State v. Amos*, No. 20 BE 0005 (7th Dist. Feb. 18, 2021).

**{¶16}**  On November 29, 2023, Appellant filed the current motion, again requesting an "allied offense determination."  The state's response pointed out the successive nature of the motion and the prior holdings on the merger issue.  On March 20, 2024, the trial court overruled Appellant's motion.  The court said the motion was not well taken and pointed out the same issues had already been decided adversely to Appellant.  Appellant filed a timely notice of appeal resulting in the case at bar.

ASSIGNMENT OF ERROR

**{¶17}**  Appellant's sole assignment of error contends:

"TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE THE MERGER OF COUNTS ISSUE PURSUANT TO R.C. 2941.25."

**{¶18}**  To prove ineffective assistance of counsel, the defendant must satisfy a two-prong test showing (1) counsel's performance fell below an objective standard of reasonable representation due to a substantial violation of the essential duties owed to the client and (2) counsel's performance prejudiced the defendant in that there is a reasonable probability the result would have been different if not for the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989).

**{¶19}**  Pursuant to the principles set forth in R.C. 2941.25, there are three situations where the court can impose multiple punishments instead of merging offenses: (1) the offenses are dissimilar in import or significance (which occurs "when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable"); (2) the offenses were committed separately (even if similar in import); or (3) the offenses were committed with separate animus or motivation (even if similar in import). *State v. Ruff*, 2015-Ohio-995, ¶ 20, 23, 25.

{¶20} Before explaining why Appellant's arguments are barred from further review, we make observations on certain merger arguments in his brief. We note he does not claim count seven would be an allied offense of similar import but argues for the merger of count one with count two and the merger of count three with count four.

{¶21} For instance, he contends the rapes in counts one and two were committed with the same animus in one course of action. However, these counts involved separate victims and thus could not be merged. *Amos*, 2019-Ohio-3651, at ¶ 16 (7th Dist.), citing *Ruff* at ¶ 23. Hence, even if this argument had been presented in a direct appeal from a conviction, the trial court would not have erred by imposing multiple sentences if counsel had raised the issue, and counsel would not have been ineffective for failing to raise this merger argument at sentencing.

{¶22} Appellant likewise says the rapes in counts three and four were committed with the same animus in one course of conduct. He does not make use of a trial or sentencing transcript to support this claim. As previously observed, the bill of particulars disclosed counts three and four took place in Martins Ferry, Ohio while a named female was present, and a trial court entry said counts three and four each involved a "threesome." Notably, count three was alleged to have occurred in March 2005, while count four was alleged to have occurred between January 2003 and August 2006. *Id.* at ¶ 17. The presentence investigation report contains the police report discussing two separate "threesome" encounters during which Appellant engaged in sexual conduct with his daughter with the sexual participation of Appellant's "girlfriend" (the female named in the bill of particulars). The record relied on by Appellant does not indicate (let alone plainly indicate) the counts were allied offenses of similar import. Appellant's merger argument is not factually or legally accurate. Defense counsel's performance would not have been deficient by failing to raise merger under such circumstances and prejudice is lacking (even if there were not additional bars to Appellant's argument discussed below).

{¶23} In addition to arguing counsel was ineffective, Appellant suggests that (regardless of whether merger is actually warranted) an error occurs if the trial court fails to expressly engage in a merger analysis at sentencing. He cites merger principles from direct appeals about plain error where the nature of the offenses could not be ascertained

by the trial court from the proceedings, such as where the sentencing occurred after a plea. Here, there was a jury trial, and this is not a direct appeal of the conviction.

**{¶24}** Rather, this is an appeal from a motion that was essentially an untimely and successive petition for post-conviction relief. *See* R.C. 2953.21(A)(2) (prior version required a petition to be filed no later than 180 days after the trial transcripts were filed in the direct appeal or 180 days after the time expired for appealing if no direct appeal was filed; effective March 23, 2015, the number of days changed to 365). The pertinent exception for an untimely petition for post-conviction relief required the petitioner to show (a) he was unavoidably prevented from discovering the facts upon which he must rely or the United States Supreme Court recognized a new federal or state right that applies retroactively to his situation and (b) clear and convincing evidence demonstrated that but for constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. R.C. 2953.23(A)(1) ("a court may not entertain a petition filed after the expiration of the period prescribed [in R.C. 2953.21]").

**{¶25}** Appellant's motion fails to allege any exceptions to the strict statutory post-conviction relief deadline in order to justify filing the petition 16 years after sentencing. Moreover, a post-conviction argument is barred by res judicata if it could have been raised in an appeal from the final judgment of conviction. *See State v. Perry*, 10 Ohio St.2d 175, 176 (1967).

**{¶26}** Appellant thus argues the voidness doctrine applies to avoid the timeliness and res judicata prohibitions, but he cites plain error principles on merger to support the argument. However, this court has already rejected Appellant's argument while explaining that even if an error could have been labeled plain error in a direct appeal of a criminal conviction, the doctrine of plain error "does not make the judgment void or otherwise eviscerate the res judicata bar." *Amos*, 2019-Ohio-3651, at ¶ 18 (7th Dist.). An alleged error in exercising jurisdiction would merely render a judgment voidable and subject to res judicata principles; it is not equivalent to a lack of subject matter jurisdiction so as to render a judgment void. *See e.g., State v. Schilling*, 2023-Ohio-3027, ¶ 1, 22.

**{¶27}** As we explained in Appellant's 2019 appeal on the same subject, "the trial court does not render a void judgment by failing to specifically make a declaration that no offenses should be merged." *Amos*, 2019-Ohio-3651, at ¶ 22 (7th Dist.). A post-

conviction merger argument is barred by res judicata whether the trial court specifically declared the convictions were not allied offenses of similar import or failed to address the merger doctrine. *Id.* at ¶ 23, citing *State v. Williams*, 2016-Ohio-7658, ¶ 26 (where the Supreme Court pointed out the trial court distinctly said the offenses were allied but then failed to merge them). We therefore informed Appellant, "a trial court's alleged failure to engage in a merger analysis or a trial court's erroneous finding that offenses should not merge will not render a sentence void. The merger issue presented here is therefore barred by res judicata as it could have been raised on direct appeal." *Id.* at ¶ 27.

**{¶28}** As the state points out, the merger issue is now barred by an additional aspect of res judicata because we have already rejected Appellant's earlier petition on merger of these rape offenses, ruling this merger argument (even if meritorious) would not result in a "void" judgment. *See State v. Palmer*, 2009-Ohio-1018, ¶ 16 (7th Dist.) ("Principles of res judicata bar claims that were or could have been raised at trial, on direct appeal, or in a first petition for post-conviction relief."), citing *State v. Davis*, 2005-Ohio-2118, ¶ 13-14 (7th Dist.). This was also the law of the case binding the trial court when addressing Appellant's 2023 petition. *See State v. Norman*, 2021-Ohio-2389, ¶ 14 (10th Dist.) ("The law of the case doctrine is rooted in principles of res judicata and issue preclusion."), applying *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) ('the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels' and a trial court cannot disregard the superior court's ruling absent extraordinary circumstances).

**{¶29}** For the various reasons set forth above, Appellant's assignment of error is without merit. Accordingly, the trial court's judgment is affirmed.

Waite, J., concurs.

Hanni, J., concurs.

Case No. 24 BE 0009

[Cite as *State v. Amos*, 2024-Ohio-2939.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**