[Cite as *State v. Durst*, 2025-Ohio-1412.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JASON L. DURST,

    DEFENDANT-APPELLANT.

CASE NO. 13-24-32

OPINION AND
JUDGMENT ENTRY

Appeal from Seneca County Common Pleas Court
Trial Court No. 22 CR 0172

**Judgment Affirmed**

**Date of Decision: April 21, 2025**

APPEARANCES:

    *James W. Fruth* **for Appellant**

    *Angela M. Boes* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Jason L. Durst ("Durst"), brings this appeal from the May 30, 2024 judgment of the Seneca County Common Pleas Court. On appeal, Durst argues that his convictions for Violating a Protection Order and Assault should have been merged for purposes of sentencing. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On September 28, 2022, Durst was indicted for Violating a Protection Order in violation of R.C. 2919.27(A)(1)/(B)(4), a third degree felony (Count 1), Felonious Assault in violation of R.C. 2903.11(A)(1), a second degree felony (Count 2), and Abduction in violation of R.C. 2905.02(A)(2), a third degree felony (Count 3). On November 6, 2022, Durst entered into a written, negotiated plea agreement wherein he agreed to plead guilty to Counts 1 and 2 of the indictment. In exchange for his guilty pleas, the State agreed to dismiss Count 3 of the indictment. Further, the parties agreed to a joint sentencing recommendation of 18 months in prison on Count 1 and an indefinite prison term of a minimum of 3 years to a maximum of 4.5 years on Count 2. Per the parties' agreement, the prison terms would be run concurrently. The trial court held a Crim.R. 11 hearing and determined that Durst was entering knowing, voluntary, and intelligent pleas. Durst's pleas were

accepted and the joint sentencing recommendation was imposed. A final judgment entry of sentence was filed November 7, 2022. Durst did not file a direct appeal.

{¶3} On October 13, 2023, Durst filed a pro se "Motion to Withdraw Guilty Plea & Vacate Sentence." Durst argued, *inter alia*, that his convictions should have merged for purposes of sentencing. The trial court summarily overruled Durst's motion on October 31, 2023.

{¶4} On December 6, 2023, Durst requested court-appointed counsel for appeal and post-conviction purposes. An attorney was appointed for Durst.

{¶5} On March 11, 2024, Durst, through counsel, filed another "motion for resentencing," arguing that his convictions should have merged for purposes of sentencing. He requested, and received, a hearing on his motion. The trial court denied Durst's motion in a judgment entry filed May 30, 2024.

{¶6} Durst now brings the instant appeal from the trial court's judgment, asserting the following assignment of error for our review.

### Assignment of Error

**The trial court committed plain error in issuing a sentence contrary to law because appellant's felony convictions for violating a protection order and assault should have been merged for sentencing since the offenses were committed with the same conduct and animus.**

{¶7} In his assignment of error, Durst argues that the trial court committed plain error in this case by sentencing him to concurrent sentences on his convictions

for violating a protection order and felonious assault. Durst argues that the crimes were committed with the same conduct and animus, and thus should have merged for purposes of sentencing.

Analysis

{¶8} In order to address Durst's assignment of error, we must first properly categorize his motion. Durst did not file a direct appeal from his sentence that was journalized in November of 2022. He filed a pro se motion to withdraw his guilty plea/motion for resentencing in October of 2023, and that motion was summarily denied. Then, through counsel, he filed a "motion for resentencing" in March of 2024. That motion was denied after a hearing.

{¶9} Although Durst's motion was styled as a "motion for resentencing," his motion was, in actuality, a petition for post-conviction relief because it requested the enforcement of rights guaranteed by the United States Constitution. The Supreme Court of Ohio has spoken on this issue in *State v. Reynolds,* 1997-Ohio-304:

> Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

*Id.* at syllabus.

{¶10} Thus Durst's motion from March of 2024 "was essentially an untimely and successive petition for post-conviction relief." *State v. Amos*, 2024-Ohio-2939,

¶ 24 (7th Dist.). Notably, the trial court did not explicitly state that it was treating the motion as a "petition for post-conviction relief." However, the trial court did appoint counsel to Durst for "post-conviction purposes" and then defense counsel filed the "motion for resentencing." Nevertheless, regardless of how the motion is styled, Durst's motion is a petition for post-conviction relief. *State v. Rognon*, 2021-Ohio-4564, ¶ 10 (3d Dist.).

{¶11} Generally, a trial court lacks jurisdiction to entertain an untimely or successive petition for post-conviction relief unless the petitioner establishes an exception. *State v. Jackson*, 2020-Ohio-4015, ¶ 13 (3d Dist.). Although a trial court should generally dismiss an untimely petition for postconviction relief, a trial court does not commit reversible error by denying the petition. *Id*. at ¶ 15.

{¶12} Here, Durst's petition is facially untimely, and he does not establish any error, particularly given that he agreed to the sentence in this case. In fact, his agreement to the sentence would make any error an invited error.

{¶13} Moreover, a post-conviction argument is barred by res judicata if it could have been raised in an appeal from the final judgment of conviction. *Amos* at ¶ 25, citing *State v. Perry*, 10 Ohio St.2d 175, 176 (1967). Because Durst could have raised his allied offenses argument in a direct appeal, his argument is barred by res judicata. *See State v. Henderson*, 2020-Ohio-4784. For all of these reasons, Durst's assignment of error is overruled.

*Conclusion*

**{¶14}** Having found no error prejudicial to Durst in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Seneca County Common Pleas Court is affirmed.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

Juergen A. Waldick, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/jlm