[Cite as *State v. Amos*, 2026-Ohio-539.]

# IN THE COURT OF APPEALS OF OHIO

### SEVENTH APPELLATE DISTRICT
### BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOHN E. AMOS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 BE 0045**

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 07 CR 56

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

John E. Amos, Defendant-Appellant.

Dated: February 17, 2026

**DICKEY, J.**

**{¶1}** Pro se Appellant, John E. Amos, appeals from the August 1, 2025 judgment of the Belmont County Court of Common Pleas overruling two, successive postconviction petitions: (1) June 10, 2025 "Motion for Trial Counsel to be Deemed Ineffective" (including allegations of prosecutorial misconduct and witness intimidation); and (2) July 28, 2025 "Motion to Vacate Sentence and Release Defendant." On appeal, Appellant again argues he is entitled to postconviction relief asserting ineffective assistance of trial counsel with respect to prosecutorial misconduct and witness intimidation. Because Appellant's postconviction petitions were untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in overruling his successive petitions without a hearing. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** The following facts and procedural history underlying this matter were set forth in Appellant's most recent case before this court, *State v. Amos*, 2024-Ohio-2939, ¶ 2-16 (7th Dist.):

On March 7, 2007, Appellant was indicted on seven counts of rape under R.C. 2907.02(A)(2) (purposely compelling another to engage in sexual conduct by force or threat of force). A jury found him guilty on five of these rape counts (counts one, two, three, four, and seven) and not guilty on two counts.

The victim in count one was JH, and the victim in count two was KS, Appellant's daughter. These two counts were alleged to have occurred at the end of 2003 when Appellant, another male, and both victims were at an unknown location in Belmont County.

As to counts three, four, and seven, the victim was KS. The indictment alleged count three occurred in March 2005 while count four and seven occurred between January 2003 and August 2006. The bill of

particulars disclosed counts three and four took place in Martins Ferry, Ohio while a named female was present (elsewhere said to be Appellant's wife or girlfriend). The location for count seven was described as a former lumber company building in Lansing, Ohio.

On April 27, 2007, a sentencing and sexual predator hearing was held for the five offenses. In a May 4, 2007 sentencing entry, the court imposed the maximum sentence of ten years on each of the five counts to run consecutively. In the sexual predator entry filed the same day, the court indicated JH was 19 years old when Appellant raped her and KS was between 13 and 17 years old during the four rapes committed against her. The court's verbiage ("occasions") suggested each count represented separate conduct.

Appellant's direct appeal from his conviction raised issues on the following topics: the propriety of KS testifying that Appellant began visiting her after he was released from prison; the sufficiency of the evidence on venue for counts one and two; the validity of the court's answer to a jury question identifying the counts; and the application of the sentencing statutes. *State v. Amos*, 2008-Ohio-7138 (7th Dist.) [direct appeal]. In overruling Appellant's first three arguments, our decision mentioned facts relevant to one of Appellant's later merger arguments. For instance, while finding sufficient evidence on venue for counts one and two, this court pointed to the testimony of JH, KS, and the other male involved (who all spoke of driving around and drinking alcohol with Appellant in Belmont County before he committed those rapes). *Id.* at ¶ 20, 26.

Additionally, in overruling Appellant's argument on the answer to a jury question, we explained the trial court labeled the offenses for the jury: "Count 1 refers to JH only. Count 2 refers to KS at the same time as Count 1. Count 3 refers to threesome, March 2005. Count 4 refers to threesome. [Two counts no longer at issue]. Count 7 is [a lumber company]." *Id.* at

¶ 37-44. This was a reiteration of facts both sides utilized in opening statements and closing arguments. *Id.* at ¶ 47.

While upholding the verdict, we remanded for resentencing due to former Supreme Court precedent barring sentencing courts from utilizing the statutory sentencing provisions for maximum and consecutive sentences. *Id.* at ¶ 32-34. At the August 29, 2008 resentencing hearing, the trial court imposed the same sentence of ten years on each count to run consecutively. The court said Appellant's daughter was the victim in four counts. The trial court noted Appellant used alcohol on one occasion and threatened this victim with a handgun. The court explained the daughter's friend was the victim in the other count. Consistent with the first sentencing entry, the court said it considered the trial evidence and the presentence investigation report, including the police report. Appellant did not appeal the September 2, 2008 sentencing entry.

In the meantime, Appellant filed a petition for postconviction relief under R.C. 2953.21. He argued the victims' testimony lacked credibility. The trial court overruled the petition on October 2, 2008, and no appeal was filed.

In June 2017, the trial court overruled motions wherein Appellant argued the charged offenses did not fall under the court's jurisdiction and the indictment failed to allege facts constituting an offense.

Appellant subsequently filed a motion to correct a "void" sentence, arguing the indictment was insufficient to charge an offense and post-release control was not imposed properly. The trial court overruled this motion, and this court affirmed. *State v. Amos*, 2018-Ohio-3426, (7th Dist.) [regarding first postconviction petition]. On the indictment issue, we described the motion as an untimely petition for post-conviction relief that failed to demonstrate statutory grounds for untimeliness and found the issue

was barred by res judicata as it could have been raised on direct appeal. *Id.* at ¶ 10-14, 20-21.

In 2019, Appellant filed a petition entitled, "Motion for an Allied Offense Determination." He said the record was silent as to whether the trial court addressed the issue of allied offenses of similar import under R.C. 2941.25 and the court therefore must have failed to consider merger. He argued this failure to mention merger was plain error and the judgment was contrary to law for imposing a sentence without evincing compliance with the merger statute. He claimed the merger argument rendered the sentence void and was thus not barred by res judicata. He also alleged ineffective assistance of counsel for failing to raise the issue.

On January 15, 2019, the trial court overruled Appellant's motion. The court pointed out Appellant could have raised the alleged merger issue in the direct appeal from his criminal conviction. The court cited cases from the Ohio Supreme Court and this district holding the issue of merger of allied offenses must be asserted in a timely appeal or it will be barred by res judicata principles in cases where the trial court found the offenses were not subject to merger *or* where the court failed to make any finding on the topic. The trial court also found Appellant failed to explain why his offenses should have been merged based upon the conduct presented to the jury. The court pointed out count one involved victim JH and the other four counts involved victim KS on four different occasions.

Appellant filed a timely appeal from the denial of his 2019 motion, setting forth an assignment of error alleging, "Trial counsel was ineffective and the trial court erred for failing to motion and/or merge counts pursuant to R.C. 2941.25." (Caps. omitted.) *State v. Amos*, 2019-Ohio-3651, ¶ 12 (7th Dist.) [regarding second postconviction petition]. As explained further below, we rejected his argument and affirmed the trial court's judgment. *Id.* at ¶ 12-27.

Case No. 25 BE 0045

In 2020, Appellant filed another motion to vacate a "void" sentence. The court overruled his motion on February 14, 2020. His appeal was dismissed after he failed to file a brief. *State v. Amos*, No. 20 BE 0005 (7th Dist. Feb. 18, 2021).

On November 29, 2023, Appellant filed [another] motion, again requesting an "allied offense determination." The state's response pointed out the successive nature of the motion and the prior holdings on the merger issue. On March 20, 2024, the trial court overruled Appellant's motion. The court said the motion was not well taken and pointed out the same issues had already been decided adversely to Appellant. Appellant filed a timely notice of appeal[.]

*Amos*, 2024-Ohio-2939, at ¶ 2-16 (7th Dist.) (regarding third postconviction petition).

**{¶3}** On July 31, 2024, this court affirmed. *Id.* This court found that the merger allegations would not render Appellant's sentence void and the issue was barred by res judicata since it could have been raised on direct appeal. *Id.* at ¶ 1.

**{¶4}** On June 10, 2025, Appellant filed a pro se "Motion for Trial Counsel to be Deemed Ineffective" (including allegations of prosecutorial misconduct and witness intimidation) (fourth postconviction petition). On July 28, 2025, Appellant filed a pro se "Motion to Vacate Sentence and Release Defendant" (fifth postconviction petition). On August 1, 2025, the trial court overruled both petitions, specifically stating:

This matter is before the Court for decision on two (2) defense Motions. The first, filed June 10, 2025, seeks a finding that Defendant's trial counsel was ineffective. Defendant also alleges prosecutorial misconduct and witness intimidation.

The second Motion was filed on July 28, 2025. Defendant asks the Court to vacate his sentence and release him from further incarceration, because the State did not submit a Response to the said first Motion. Defendant also then submitted his Reply.

As a Response is not mandatory, and its absence of no consequence, that second Motion is overruled.

His first Motion is also without merit. There is nothing new here. All of Defendant's claims should have been presented during his direct appeal. He failed to do so.

Further, the various, purported affidavits Defendant submitted prove nothing. The Court notes no acknowledgement for one of those. That aside, and even assuming genuineness, Defendant's own Sworn Affidavit essentially says that he rejected a plea agreement opting instead for a trial. He now regrets that decision, given the jury's decisions and his consequent sentence.

Surely, this was information he knew of at the time of his said direct appeal.

The other affidavits, if true, stand for the proposition that the State's attorney informed the witnesses in advance of the consequences of not testifying truthfully. That is a sound practice rather than misconduct or intimidation. It must have succeeded as the jury found Defendant guilty of five (5) Counts of raping two teen women, one victim being his daughter, four (4) times.

Because Defendant failed to offer credible, sufficient evidence, which was also tainted in any event, as stale, the Court overrules his Motion filed June 10, 2025.

(8/1/2025 Judgment Entry, p. 1).

**{¶5}** Appellant filed the instant pro se appeal raising a single assignment of error.

Case No. 25 BE 0045

**ASSIGNMENT OF ERROR**

**THE TRIAL COURT ERRED WHEN IT IGNORED THE PROSECUTORIAL MISCONDUCT CLAIMS THAT WERE SUPPORTED BY SIGNED AFFIDAVITS FROM TWO WITNESSES WHO WERE THREATENED BY THE ASSISTANT PROSECUTOR.**

{¶6}  In his sole assignment of error, Appellant again argues he is entitled to postconviction relief asserting ineffective assistance of trial counsel with respect to prosecutorial misconduct and witness intimidation.

{¶7}  Appellant's June 10, 2025 pro se "Motion for Trial Counsel to be Deemed Ineffective" (including allegations of prosecutorial misconduct and witness intimidation) and his July 28, 2025 pro se "Motion to Vacate Sentence and Release Defendant" are postconviction petitions.  *See State v. Everson*, 2025-Ohio-2628, ¶ 22 (7th Dist.) (ineffective assistance); *State v. Bishop*, 2025-Ohio-4948, ¶ 3 (7th Dist.) (vacate sentence).

Post-conviction relief is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67. R.C. 2953.21 through R.C. 2953.23 govern petitions for post-conviction and provide that "any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence." *State v. Martin*, 7th Dist. No. 12 MA 167, 2013-Ohio-2881, ¶ 13.

We apply an abuse of discretion standard when reviewing a trial court's decision to deny a post-conviction relief petition without a hearing. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 7th Dist. No. 10 MA 185, 2013-Ohio-2951, ¶ 21.

> "[P]ursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 1999-Ohio-102, 714 N.E.2d 905. Substantive grounds for relief exist where there was a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *State v. Cornwell*, 7th Dist. No. 00-CA-217, 2002-Ohio-5177, ¶ 25.

*State v. Anderson*, 2024-Ohio-2704, ¶ 10 (7th Dist.), quoting *State v. Smith*, 2017-Ohio-7770, ¶ 8-10 (7th Dist.).

**{¶8}** Appellant believes "[t]he witnesses presented by the State of Ohio were coached, coerced and threatened to testify in such a way that would only benefit the State of Ohio." (9/24/2025 Appellant's Pro Se Brief, p. 2). Regarding Appellant's ineffective assistance of trial counsel claim (including prosecutorial misconduct and witness intimidation), the trial court disagreed, stating "[t]here is nothing new here" and "the various, purported affidavits Defendant submitted prove nothing." (8/1/2025 Judgment Entry, p. 1). The court indicated the affidavits, "if true, stand for the proposition that the State's attorney informed the witnesses in advance of the consequences of not testifying truthfully." (*Id.*) The court found "[t]hat is a sound practice rather than misconduct or intimidation." (*Id.*)

**{¶9}** Appellant has failed to show that if his claims are proven, the result of the trial would have been different. Thus, the trial court did not err in overruling Appellant's two, successive pro se petitions for postconviction relief. *See Calhoun* at 291.

**{¶10}** "A postconviction petition may also be dismissed without a hearing where the claims are barred by res judicata." *State v. West*, 2009-Ohio-3347, ¶ 24 (7th Dist.). Res judicata bars any claim or defense that was raised or could have been raised in an earlier proceeding:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

*Anderson* at ¶ 12, quoting *State v. Perry*, 10 Ohio St.2d 175, 180 (1967).

**{¶11}** "'[R]es judicata bars claims that could have been raised on direct appeal or any previous post-judgment motions.'" *Anderson* at ¶ 13, quoting *State v. Smith*, 2019-Ohio-4501, ¶ 8 (7th Dist.).

**{¶12}** Appellant was represented by new counsel in his direct appeal. Appellant's ineffective assistance of trial counsel (including allegations of prosecutorial misconduct and witness intimidation) and sentencing claims were already raised, or could have been raised, on direct appeal or in his previous postconviction petitions and are thus barred by res judicata. *See Anderson* at ¶ 13; *Amos*, 2008-Ohio-7138 (7th Dist.) (sentencing); *Amos*, 2018-Ohio-3426 (7th Dist.) (sentencing); *Amos*, 2019-Ohio-3651 (7th Dist.) (ineffective assistance and sentencing); *Amos*, 2024-Ohio-2939 (7th Dist.) (ineffective assistance and sentencing).

**{¶13}** Appellant's successive requests for postconviction relief are also untimely.

> [A] petition for postconviction relief must be filed within the statutorily prescribed time. R.C. 2953.21(A)(2)(a) states a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction . . ."

> R.C. 2953.23 provides an exception to the 365-day requirement. According to R.C. 2953.23(A)(1), a petitioner may file a delayed petition only if both of the following subsections apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted . . .

R.C. 2953.23(A)(1)(a)-(b).

*Anderson*, 2024-Ohio-2704, at ¶ 15-16 (7th Dist.).

**{¶14}** In this case, the record establishes the trial transcripts were filed in Appellant's direct appeal on July 12, 2007. Appellant did not file the successive postconviction petitions at issue until June 10, 2025 and July 28, 2025, about 18 years after the trial transcripts were filed in the direct appeal and well beyond the 365-day deadline. *See* R.C. 2953.21(A)(2)(a). Thus, Appellant's petitions were untimely filed. Therefore, unless Appellant can demonstrate an exception entitling him to relief, his petitions are untimely and the trial court was without jurisdiction to consider them. *See* R.C. 2953.23(A)(1)(a)-(b).

**{¶15}** Upon review, Appellant fails to demonstrate an exception for the delay under R.C. 2953.23. Appellant does not establish that he was unavoidably prevented from discovery of the facts upon which he bases his claims or that there is a new state or federal right that applies to his situation. *See* R.C. 2953.23(A)(1)(a). Appellant also does not establish by clear and convincing evidence that, but for a constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *See* R.C. 2953.23(A)(1)(b). Thus, Appellant's petitions do not meet the exceptions for an untimely petition set forth in R.C. 2953.23, and as a result, the trial court was without jurisdiction to consider the claims raised within.

**{¶16}** As stated, even assuming arguendo that Appellant's petitions were timely filed or that they satisfied R.C. 2953.21 or 2953.23, the petitions failed to state substantive grounds for relief. Also, Appellant's claims were raised, or could have been raised, on direct appeal or in his previous petitions for postconviction relief. They are, therefore, barred by res judicata. *See Perry,* 10 Ohio St.2d at 180-181.

**{¶17}** Because Appellant's two successive pro se petitions for postconviction relief were untimely filed, no exception entitling him to relief was demonstrated, his claims are barred by principles of res judicata, and there are additionally no substantive, supporting grounds, the trial court did not abuse its discretion in overruling his petitions without a hearing.

## CONCLUSION

**{¶18}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The August 1, 2025 judgment of the Belmont County Court of Common Pleas overruling Appellant's June 10, 2025 "Motion for Trial Counsel to be Deemed Ineffective" and July 28, 2025 "Motion to Vacate Sentence and Release Defendant" is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

Case No. 25 BE 0045

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**